This patent case is before the court on defendant’s motion for prompt review of the trial judge’s April 11, 1978, order denying modification or suspension of his March 22, 1978, "Standard Pretrial Order on Liability,” modified to include the damages issue. The trial judge has certified the issue for our prompt review under Rule 53(c)(2)(i). After careful consideration of the briefs filed and without oral argument, we grant defendant’s request for prompt review.
The chronology of events which gave rise to the present motion is:
(1) A patent application was filed January 15, 1964. The application was placed under a secrecy order on September 9, 1964. Patent 3,933,543 was finally issued January 20, *664 1976 — some 12 years later. It related to the propellant used by the Army in its Sprint missiles.
(2) On June 13, 1973, plaintiff filed an administrative claim alleging infringement of the invention. The claim was eventually denied November 16, 1977.
(3) Plaintiff filed a petition in this court on November 8, 1977. It was amended on November 21, 1977.
(4) The answer was originally due January 20, 1978. On that date defendant moved for enlargement of time in which to file its answer to March 21, 1978.
(5) Trial Judge Browne granted the motion for extension of time until March 21, 1978.
(6) Defendant filed the answer on March 21, 1978.
(7) On March 22, 1978, one day after the joinder of issues, Trial Judge Browne issued, sua sponte, a "Standard Pretrial Order on Liability,” modified to include the damages issue. Under this order discovery was scheduled to be complete in 120 days, absent a showing that further time was necessary. Plaintiff was given 60 days in which to make its first submission (until May 22, 1978). Defendant was then given 30 days in which to make its initial submission (until June 22, 1978). Plaintiff had 30 days after that in which to make its final submission (until July 22, 1978). In their respective initial submissions, each party was to state a preferred time and location for the trial. Further, if either party needed further time, such a motion for extension of time had to be made at least ten days before the date on which the party was to have filed its submission.
(8) On April 3, 1978, defendant moved to modify the pretrial order so that the dates set in the pretrial order would be reset approximately one year later to allow for "normal discovery” (as the defendant uses the term). On April 11, 1978, the trial judge denied defendant’s request for modification of the March 22, 1978, pretrial order and certified the question for prompt review under Rule 53(c)(2)(i). Defendant then filed the present motion.
We are not oblivious to the delay which the discovery process causes in the resolution of disputes nor to the fact that the discovery rules can be and are abused. We recognize the need for some curbing and policing of the discovery process by the courts to prevent the discovery delays and abuses from becoming a preliminary trial by delay. Defendant’s proposed year is entirely too long and would perpetuate the evils the trial judge has rightly taken *665 arms against. In short, we are sympathetic to the objective the trial judge’s March 22, 1978, pretrial order was designed to obtain — the prompt resolution of disputes without unnecessary and needlessly dilatory discovery.
But in attempting to limit and police the discovery process to avoid unnecessary delay or abuse, the courts must be careful not to limit discovery to the extent that the subsequent trial becomes a trial by surprise or trial before all material information has been adduced. We find that the sua sponte issuance by the trial judge of the pretrial order in this case, just one day after the joinder of issues, goes beyond what is necessary to effectively administer the discovery process. Indeed, the establishment of a rigid discovery timetable by means of an early sua sponte pretrial order, to be deviated from only for good cause shown, may well be opening the door to trial by surprise or trial before the respective counsel in the case are in possession of all the pertinent facts.
Our holding in this instance should not be viewed as a complete rejection of innovative attempts by the trial judges of this court to limit and police the discovery process. And we express no opinion as to what our holding would be had the trial judge taken another approach, such as issuing the pretrial order after consulting with the respective counsel in the case and considering the discovery problems they envisioned the case presented.
Accordingly, we believe the defendant’s motion for prompt review of the trial judge’s April 11, 1978, order denying modification of the March 22, 1978, "Standard Pretrial Order on Liability,” modified to include the damages issue, should be allowed and we hereby order the March 22, 1978, pretrial order vacated.